UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WAYNE MORGAN  )<br>*Next Friend for David B. Morgan*,  )<br>)<br>Petitioner,  )<br>v.  )<br>)<br>JOE BIDEN,  )<br>)<br>Respondent.  )<br>) | Civil Action No. 24-00299 (UNA) |

## **MEMORANDUM OPINION**

Petitioner C. Wayne Morgan, an Indiana resident appearing *pro se*, has filed a "Motion to Vacate," as "next friend" for his son, David Brian Morgan. ECF No. 1. He also has filed a motion, again on his son's behalf, for leave to file *in forma pauperis* ("IFP"), ECF No. 2. Both motions will be denied.

Petitioner alleges that his son "has been in this court for over five years without representation." ECF No. 1 at 3. The Court, however, can take judicial notice of the fact that Petitioner's son was convicted in Oklahoma state court (and not before this Court) and that he is serving a life sentence pursuant to his Oklahoma conviction. *See Morgan v. United States*, No. 23-cv-543 (UNA), 2023 WL 2496878, at *1 (D.D.C. Mar. 13, 2023), *cert. of appealability denied*, No. 23-5112, 2023 WL 6474087 (D.C. Cir. Sept. 29, 2023) ("Having been convicted in the Oklahoma County District Court, [David] Morgan is serving a life sentence at the Joseph Harp Correctional Center in Lexington, Oklahoma."); *see also Morgan v. Biden*, 2024 WL 534973, at *1, n.3 (W.D. Okla. Jan. 11, 2024), *report and recommendation adopted*, 2024 WL 532334 (W.D. Okla. Feb. 9, 2024) ("Because Petitioner is 'well known' to the Court, . . . the undersigned will not list every one of Petitioner's past habeas cases. But, at last count, Petitioner

has made at least seventeen attempts to challenge his state court judgment in Case No. CF-2010-7695."). Regardless, Petitioner has not established his legal authority and qualifications to file this action. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (discussing limitations of next friend status in habeas actions and placing the burden "on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court").

Given the numerous habeas actions David Morgan has filed on his own behalf, Petitioner cannot plausibly "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Am. C.L. Union Found. on behalf of Unnamed U.S. Citizen v. Mattis*, 286 F. Supp. 3d 53, 57 (D.D.C. 2017) (quoting *Whitmore*, 495 U.S. at 163). And David Morgan "well knows" that under the habeas successive rule, 28 U.S.C. § 2244(b)(3)(A), "he has no [further] recourse in federal district court" without first obtaining permission from the U.S. Court of Appeals for the Tenth Circuit. *Morgan*, 2023 WL 2496878, at *1 (citing cases); *see Morgan v. Bear*, 652 F. App'x 597 (10th Cir. 2016) (denying "a certificate of appealability and permission to proceed *in forma pauperis*"). The Court will, accordingly, deny the IFP motion and dismiss the case.

A separate order will issue.

                                                             /s/
                                          RANDOLPH D. MOSS
Date: March 19, 2024                        United States District Judge